

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * Criminal No. **PJM 93-0447** |
| | * |
| **RICKY DARDEN** | * |
| Defendant | * |

## MEMORANDUM OPINION

Ricky Darden, *pro se*, has filed Correspondence re Motion for Reduced Sentence Under 18 U.S.C. § 3582(c) [Paper No. 75], seeking a sentence reduction based on Amendment 750 to the Federal Sentencing Guidelines. Darden's Correspondence will be construed as a Motion for for Reduced Sentence Under 18 U.S.C. § 3582(c).

Darden was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). He was given a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) because he had three prior convictions for drug felonies.

The Public Defender previously filed a "status report" [Paper No. 72] seeking a reduction of Darden's sentence under Amendment 706. It was denied because Darden had been sentenced as a career offender under U.S.S.G. §4B1.1, not under § 2D1.1(c). The denial was based on several Fourth Circuit cases, as well as cases from other circuits, that held that "career offenders do not get the benefit of the 'crack amendment.'" *See United States v. Darden*, Crim. No. PJM 93-447, 2010 WL 537144, at *2 (D. Md. Feb. 4, 2010).

Like Amendment 706, Amendment 750 revised the offense levels applicable to certain cocaine base quantities under U.S.S.G. § 2D1.1(c). Darden's latest Motion for Sentence

Reduction acknowledges the denial of his first motion, but does not make any new arguments why he is now eligible for a sentence reduction under Amendment 750.

Commentary to Amendment 750 clarifies that

> not all crack cocaine offenders . . . will receive a lower sentence as a result of the change to the Drug Quantity Table . . . [some] offenders are sentenced pursuant to §§ 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal), which result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table.

U.S.S.G. App. C, Amend. 750 (2011); *see also United States v. Quarles*, 889 F.Supp.2d 783, 787 (E.D. Va. 2012) (noting that with Amendment 750 and 759, "the Sentencing Commission clarified that when a defendant is a career offender, the career offender range is the 'applicable guidelines range' for sentencing purposes.").

For the same reasons he was found ineligible for a reduction per Amendment 706, Darden is not eligible under Amendment 750. *See, e.g., United States v. Oliea*, 506 F. App'x 523, 524 (7th Cir. 2013) (denying § 3582(c)(2) motion under Amendment 750 for the same reason it was denied under Amendment 706: because defendant had been sentenced as a career offender); *United States v. Reed*, 482 F. App'x 785 (4th Cir. 2012) (finding that Amendment 750 did not alter defendant's guideline calculation where his guidelines range at sentencing was calculated pursuant to the career offender guideline); *United States v. Webster*, Crim. No. PJM 04-269, 2010 WL 1780129 (D. Md. Apr. 30, 2010) (denying a motion under Amendment 750 because defendant was sentenced as a career offender, and advising that his argument that he was improperly sentenced as a career offender is better addressed by way of collateral challenge).

Darden was sentenced based on U.S.S.G. §4B1.1, which Amendment 750 makes clear it does not affect. Accordingly, the current Motion for Reduced Sentence Under 18 U.S.C. § 3582(c) will be denied.

2

A separate Order will issue.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 18, 2014